STROOCK & STROOCK & LAVAN LLP
BRIAN C. FRONTINO (State Bar. No. 222032)
ARJUN P. RAO (State Bar No. 265347)
GEOFFREY L. WARNER (State Bar No. 305647)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone:  310-556-5800
Facsimile:   310-556-5959
Email:       *lacalendar@stroock.com*

Attorneys for Defendant
  HSBC BANK USA, N.A., erroneously sued as HSBC
  BANK NA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH TUCK,<br><br>                    Plaintiff,<br><br>          vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, a Virginia Corporation doing business in California, HSBC BANK NA, a consumer creditor doing business in California, EQUIFAX INC., a National consumer credit reporting agency ("CRA"), TRANS UNION LLC, a National consumer credit reporting agency ("CRA"), EXPERIAN INFORMATION SOLUTIONS INC., a National consumer credit reporting agency ("CRA"),<br><br>                    Defendants. | Case No. 3:16-cv-00684-WQH-DBH<br><br>Assigned to Hon. William Q. Hayes<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT HSBC BANK USA, N.A. TO DISMISS COMPLAINT**<br><br>**Hearing:**<br>Date:          August 1, 2016<br>Courtroom:   14B<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Complaint Filed: March 21, 2016<br>Trial Date: TBD<br><br>[Request for Judicial Notice filed concurrently] |

16cv0684

LA 51994569

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 1, 2016, in Courtroom 14B of the United States District Court, Southern District of California, located at 333 West Broadway, San Diego, CA 92101, defendant HSBC Bank USA, N.A. will and hereby does, move to dismiss each cause of action asserted against it on the following grounds.

<u>First</u>, Plaintiff improperly joins HSBC without pleading sufficient facts to provide sufficient notice of her claims against HSBC in violation of Federal Rules 8 and 20. <u>Second</u>, Plaintiff's claims under the Fair Credit Reporting Act (the "FCRA") each fail because Plaintiff fails to allege (i) that any consumer reporting agencies notified HSBC of Plaintiff's supposed dispute regarding HSBC's reporting; (ii) that HSBC inaccurately reported any specific item in Plaintiff's credit report; and (iii) that HSBC obtained Plaintiff's credit report for an impermissible purpose. <u>Third</u>, Plaintiff's claims under California's Consumer Credit Reporting Agencies Act fail because they are either preempted by the FCRA or unsupported by any factual allegations. <u>Fourth</u>, Plaintiff's Rosenthal Act claims fail similar reasons – namely, Plaintiff fails to allege that HSBC has engaged in any conduct that violates the Rosenthal Act.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

Dated:  June 17, 2016

STROOCK & STROOCK & LAVAN LLP
BRIAN C. FRONTINO
ARJUN P. RAO
GEOFFREY WARNER

By:        */s/ Brian C. Frontino*
_____
Brian C. Frontino
Email:  bfrontino@stroock.com

Attorneys for Defendant
HSBC BANK USA, N.A., erroneously
sued as HSBC BANK NA

- 1 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 51994569

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION .................................................................................. 1

II.  ALLEGATIONS OF THE COMPLAINT ......................................... 1

III. ARGUMENT ........................................................................................ 2

    A.   Standard On A Motion To Dismiss ........................................... 2

    B.   The Complaint Improperly Joins Numerous, Unrelated Defendants ................................................................................... 3

    C.   The Complaint Also Lacks The Requisite Specificity Required By Rule 8 ................................................................................... 4

    D.   Plaintiff's FCRA Counts Each Fail To State A Claim Against HSBC ......................................................................................... 7

        1.   In Count VI, Plaintiff Fatally Fails To Allege That The CRAs Notified HSBC Of Plaintiff's Supposed Dispute Regarding The Account On Her Credit Report. ........................ 7

        2.   In Count VII, Plaintiff Fails To Sufficiently Allege That HSBC Obtained Her Credit Report For An Impermissible Purpose. ...................................................................................... 8

    E.   Count VIII Against HSBC For Violation Of The CCRAA Must Be Dismissed As Well ................................................................ 10

        1.   Virtually The Entire CCRAA Is Preempted By The FCRA To The Extent It Purports To Govern Furnishers Of Credit Information, Like HSBC Is Alleged To Be Here. ...................... 10

        2.   Plaintiff Cannot Maintain A CCRAA Claim Under Section 1785.25(a) Either. ................................................................... 10

    F.   Plaintiff Also Fails To Allege A Rosenthal Act Claim Against HSBC ......................................................................................... 11

IV. CONCLUSION .................................................................................... 13

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 51994569

16cv0684

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

**Cases**

<u>Aaron v. Aguirre,</u>
  No. 06-cv-1451-H-POR, 2007 WL 959083 (S.D. Cal. Mar. 8, 2007) .................. 6

<u>Ashcroft v. Iqbal,</u>
  556 U.S. 662 (2009).................................................................2, 4, 12, 13

<u>Aubert v. Am. Gen. Fin. Inc.,</u>
  137 F.3d 976 (7th Cir. 1998) ................................................................ 12

<u>Balasanyan v. Dep't Stores Nat'l Bank, et al.,</u>
  No. 2:12-cv-07589-DSF-E, DE 48 (C.D. Cal. Nov. 13, 2012) ................... 4

<u>Balistreri v. Pacifica Police Dept.,</u>
  901 F.2d 696 (9th Cir. 1990) ................................................................... 2

<u>Bell Atl. Corp. v. Twombly,</u>
  550 U.S. 544 (2007)...................................................................2, 3, 13

<u>Carvalho v. Equifax Info. Servs., LLC,</u>
  588 F. Supp. 2d 1089 (N.D. Cal. 2008)..............................................7, 11

<u>Carvalho v. Equifax Info. Servs., LLC,</u>
  629 F.3d 876 (9th Cir. 2010) .............................................................8, 10

<u>Chyba v. Bayview Loan Servicing, LLC,</u>
  No. 14-CV-1415-BEN BLM, 2015 WL 4523265
  (S.D. Cal. July 23, 2015) ..................................................................... 10

<u>Corazon v. Aurora Loan Servs.,</u>
  No. 11-00542 SC, 2011 WL 1740099 (N.D. Cal. May 5, 2011) ........................ 6

<u>Coughlin v. Rogers,</u>
  130 F.3d 1348 (9th Cir. 1997) ................................................................ 3

<u>Daniels v. ComUnity Lending, Inc.,</u>
  No. 13CV488-WQH-JMA, 2014 WL 51275 (S.D. Cal. Jan. 6, 2014),
  <u>appeal dismissed</u> (Feb. 26, 2014) ........................................................... 9

16cv0684

LA 51994569

_Davis v. Maryland Bank,_
 No. 00-04191, 2002 WL 32713429 (N.D. Cal. June 19, 2002) ............................ 11

_Doherty v. Citibank (South Dakota) N.A.,_
 375 F. Supp.2d 158 (E.D.N.Y. 2005) ..................................................................... 12

_Drew v. Equifax Info. Servs., LLC,_
 690 F.3d 1100 (9th Cir. 2012) ................................................................................. 7

_Duell v. First Nat. Bank of Omaha,_
 No. 14CV2774-WQH-JLB, 2015 WL 4602008
 (S.D. Cal. July 29, 2015) ........................................................................................ 11

_Egbert v. Sw. Collection Servs., Inc.,_
 No. SA CV 13-00421-DOC, 2013 WL 3188850
 (C.D. Cal. June 21, 2013) ......................................................................................... 9

_Fayer v. Vaughn,_
 649 F.3d 1061 (9th Cir. 2011) ...................................................................... 2, 4, 12

_Flores v. GMAC Mortg.,_
 No. 2:09-cv-01216-GEB-GGH, 2010 WL 582115
 (E.D. Cal. 2010) ........................................................................................................ 8

_Fontalvo ex rel. Fontalvo v. Sikorsky Aircraft Corp.,_
 No. 13-cv-0331-GPC-KSC, 2014 WL 2809861
 (S.D. Cal. June 20, 2014) .......................................................................................... 6

_Freidman v. Younger,_
 282 F. Supp. 710 (C.D. Cal. 1968) ........................................................................... 6

_G. Simonyan v. Ally Fin. Inc., et al.,_
 No. 2:12-cv-08495-JFW-FMO, DE 60 (C.D. Cal. Dec. 4, 2012) ............................ 4

_Gauvin v. Trombatore,_
 682 F. Supp. 1067 (N.D. Cal. 1988) ......................................................................... 5

_Gen-Probe, Inc. v. Amoco Corp.,_
 926 F. Supp. 948 (S.D. Cal. 1996) ........................................................................... 5

_Gorman v. Wolpoff & Abramson, LLP,_
 584 F.2d 1147 (9th Cir. 2009) .................................................................................. 7

_Hanna v. BMW Fin. Servs., LLC, et al.,_
 No. 2:12-cv-07703-DSF-VBK, DE 45 (C.D. Cal. Nov. 13, 2012) ........................... 4

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-iii-

Harrold v. Experian Info. Solutions, Inc.,
    No. C 12-02987 WHA, 2012 WL 4097708
    (N.D. Cal. Sept. 17, 2012) .................................................................... 10

Iyigun v. Cavalry Portfolio Servs., LLC,
    No. CV-12-8682-MWF-JEMx, 2013 WL 950947
    (C.D. Cal. Mar. 12, 2013) ........................................................................ 8

Kacludis v. GTE Spring Commc'ns Corp.,
    806 F. Supp. 866 (N.D. Cal. 1992) .......................................................... 2

Lovejoy v. Bank of Am., N.A.,
    No. C 13-1638 DMR, 2013 WL 3360898 (N.D. Cal. July 3, 2013) ..................... 10

Maguire v. Citicorp Retail Servs., Inc.,
    147 F.3d 232 (2d Cir. 1998) .................................................................. 12

Manukyan v. Cach, LLC,
    No. CV 12-08356-RGK-JCx, 2012 WL 6199938
    (C.D. Cal. Dec. 11, 2012) ........................................................................ 8

Marin v. Eidgahy,
    No. 10-cv-1906-MMA-RBB, 2011 WL 2446384
    (S.D. Cal. June 17, 2011) ............................................................. 3, 4, 5, 6, 12

Miller v. Bank of Am.,
    858 F. Supp. 2d 1118 (S.D. Cal. 2012) .................................................. 11

Monroe v. Owens,
    38 Fed. App'x. 510 (10th Cir. 2002) ........................................................ 5

Montgomery v. Huntington Bank,
    346 F.3d 693 (6th Cir. 2003) ................................................................. 12

Mountain View Pharm. v. Abbott Labs.,
    630 F.2d 1383 (10th Cir. 1980) ............................................................... 5

Perretta v. Cap. Acquisitions & Mgmt. Co.,
    No. 02-05561-RMW, 2003 WL 21383757 (N.D. Cal. May, 5, 2003) .............. 9, 10

Petrosyan v. Bank of Am., N.A., et al.,
    No. 2:12-cv-08687-DSF-FFM, DE 17 (C.D. Cal. Nov. 13, 2012) ...................... 4

Prosser v. Navient Sols., Inc.,
    No. 15-CV-01036-SC, 2015 WL 5168635 (N.D. Cal. Sept. 3, 2015) ............... 10

-iv-

LA 51994569

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

In re Sagent Tech., Inc.,
    278 F. Supp.2d 1079 (N.D. Cal. 2003) .................................................. 5

Samuel v. CitiMortgage, Inc.,
    No. C 12-5871 MEJ, 2013 WL 1501491 (N.D. Cal. Apr. 10, 2013) ................... 11

Schmitt v. FMA Alliance,
    398 F.3d 995 (8th Cir. 2005) ..................................................... 12

Smith v. Law Offices of Patenaude & Felix, A.P.C.,
    No. 13CV3061-WQH BGS, 2014 WL 3695473
    (S.D. Cal. July 23, 2014) ...................................................... 9, 10

Tonini v. Mandarich Law Grp., LLP,
    No. 12CV637 WQH WMC, 2012 WL 2726761
    (S.D. Cal. July 9, 2012) ......................................................... 9

Vann v. Evans,
    No. C 08-4756 Rs PR, 2010 WL 3219305 (N.D. Cal. Aug. 12, 2010) ................ 3

Wash. v. Thomas,
    No. 09-cv-11302, 2009 WL 1424193 (E.D. Mich. May 18, 2009) ..................... 5

**Statutes**

Cal. Civ. Code § 1785 et seq. ............................................... *passim*

Cal. Civ. Code § 1785.25(a) ................................................ 10, 11

Cal. Civ. Code § 1785.25 (b) ..................................................... 10

Cal. Civ. Code § 1785.25 (c) ..................................................... 10

Cal. Civ. Code § 1785.31 ......................................................... 11

Cal. Civ. Code § 1788 et seq. ..................................................... 1

Cal. Civ. Code § 1788.17 ........................................................ 12

15 U.S.C. § 1681 et seq. .................................................... *passim*

15 U.S.C. § 1681b(a)(3)(A) ........................................................ 9

15 U.S.C. § 1681b(f) ............................................................ 8, 9

15 U.S.C. § 1681s-2(b)(1) ....................................................... 7, 8

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

16cv0684

LA 51994569

15 U.S.C. § 1681t(b)(1)(F) ................................................................ 10

15 U.S.C. § 1692 <u>et</u> <u>seq.</u> ................................................................ 12

**Rules**

Fed. R. Civ. P. 8(a)(2) ..............................................................*passim*

Fed. R. Civ. P. 20(a)(2)(A)–(B) ....................................................... 3

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 51994569

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Deborah Tuck ("Plaintiff") and her husband, Roy Tuck, have filed numerous actions in this Court against a plethora of defendants asserting similar causes of action. Here, Plaintiff asserts ten causes of action against five different defendants. In violation of Federal Rules of Civil Procedure 8 and 20, Plaintiff fails to allege why each of these various causes of action against the various defendants are properly asserted in this action. To the contrary, each of the defendants are independent from each other and their respective conduct does not appear to arise from the same set of facts.

Even if defendant HSBC Bank USA, N.A. ("HSBC") were properly named in this action, which it is not, Plaintiff's four causes of action against HSBC for alleged violations of three separate statutes -- the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"); California's Consumer Credit Reporting Agencies Act, California Civil Code sections 1785.1-1785.30 (the "CCRAA"); and California's Rosenthal Fair Debt Collection Practices Act, California Civil Code sections 1788.1-1788.33 (the "Rosenthal Act") -- are entirely without merit. First, the limited factual allegations asserted against HSBC fail to sufficiently state a violation of each of these three statutes. In fact, Plaintiff fails to even satisfy certain threshold issues (e.g., that HSBC obtained a copy of her credit file impermissibly or that HSBC engaged in any debt collection activity). Second, Plaintiff's CCRAA claims are expressly preempted by federal law.

For these reasons, as fully set forth below, Plaintiff's Complaint should be dismissed in its entirety as against HSBC.

## II.   ALLEGATIONS OF THE COMPLAINT

Although Plaintiff's Complaint consists of ten separate counts and is over forty-one pages long, including its two exhibits, the factual allegations that concern HSBC are minimal. Plaintiff alleges that her dispute with HSBC arises from a

LA 51994569

16cv00684

consumer debt being reported by HSBC with "partial account number HSBC 5597001868****" (the "Account"). (Compl. ¶ 108.) According to Plaintiff, the Account never existed as she "has no prior or present established relationship with . . . HSBC . . . as it pertains to any negative consumer debt account or any other alleged accounts," and that she "has no contractual obligation to pay . . . HSBC . . . anything." (Id. ¶¶ 30-31.) Plaintiff then alleges that, on or around December 13, 2014, she discovered HSBC was reporting the Account in a "negative status," but that she did not recall ever opening it. (Id. ¶ 107.) Then, "on or about February 2015," Plaintiff alleges that she disputed, in writing, HSBC's reporting of the Account but that HSBC did not provide her with "certification or validation of the debt." (Id. ¶ 109.) No further factual allegations are asserted against HSBC.

## III.   ARGUMENT

### A.   Standard On A Motion To Dismiss

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); see also Kacludis v. GTE Spring Commc'ns Corp., 806 F. Supp. 866, 870 (N.D. Cal. 1992) ("a complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable theory"). Thus, to survive a motion to dismiss, a complaint must assert a cognizable legal theory that is supported with "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint fails to meet this standard -- and cannot survive a motion to dismiss -- if it (a) merely "offers labels and conclusions or a formulaic recitation of the elements of a cause of action"; (b) simply "tenders naked assertions devoid of further factual enhancement"; or (c) "pleads facts that are merely consistent with a defendant's liability." Id. at 678-79; see also Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) ("Although factual allegations are

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

-2-

LA 51994569

1   taken as true, [a court] do[es] not 'assume the truth of legal conclusions merely
2   because they are cast in the form of factual allegations.' . . .   Therefore, 'conclusory
3   allegations of law and unwarranted inferences are insufficient to defeat a motion to
4   dismiss.'").  As these authorities make clear, a plaintiff must allege <u>facts</u> and "it is
5   improper for a court to assume the plaintiff can prove facts that he has not alleged."
6   <u>Marin v. Eidgahy</u>, No. 10-cv-1906-MMA-RBB, 2011 WL 2446384, at *2 (S.D. Cal.
7   June 17, 2011).

8       Complaints with these sort of pleading deficiencies, like the Complaint here,
9   are subject to dismissal because they "do not permit the court to infer more than the
10  mere possibility of misconduct" and therefore "stop[ ] short of the line between
11  possibility and plausibility of entitlement to relief."  <u>Id.</u> (citing Fed. R. Civ. P.
12  8(a)(2); <u>Twombly</u>, 550 U.S. at 557).  Applying these standards, this Motion should
13  be granted and the Complaint dismissed for the reasons set forth below.

14  **B.**     **The Complaint Improperly Joins Numerous, Unrelated Defendants.**

15      Permissive joinder of defendants is appropriate only where a claim is asserted
16  against multiple defendants "with respect to or arising out of <u>the same</u> transaction,
17  occurrence, or series of transactions or occurrences; <u>and</u> any question of law or fact
18  common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A)-(B)
19  (emphasis added).  If a complaint fails to satisfy this test for permissive joinder, the
20  favored solution is to sever the claims and dismiss all defendants except the first-
21  named.  <u>See, e.g.</u>, <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1350 (9th Cir. 1997) ("[i]f the
22  test for permissive joinder is not satisfied, a court . . . may sever the misjoined parties
23  [and] dismiss all but the first named"); <u>Vann v. Evans</u>, No. C 08-4756 Rs PR, 2010
24  WL 3219305, at *1 (N.D. Cal. Aug. 12, 2010) ("[C]laims involving different parties
25  cannot be joined together in one complaint if the facts giving rise to the claims were
26  not factually related in some way . . . .   The court, on its own initiative, may dismiss
27  misjoined parties from an action . . . .").

28

-3-

LA 51994569

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Plaintiff's joinder of the numerous defendants, including HSBC, is improper because Plaintiff does not, and cannot, allege that the unrelated defendants' actions were part of the same transaction, occurrence, or series of transactions or occurrences.  Indeed, Plaintiff herself concedes that her disputes with the various defendants arise from "three separate and individual credit line accounts[.]"  (Compl. ¶ 107.)  Plaintiff fails to allege, because she cannot, that these separate "credit line accounts" arise from the same transaction or occurrence or that there are any common questions of fact as to these accounts.  The only commonality between the defendants is that Plaintiff characterizes them all as "credit bureau" or "credit agency" defendants, which HSBC specifically is neither, and joins them into the same causes of action, which is improper.  (Id. ¶ 28.)

Based on this failure to satisfy Rule 20's requirements, the Court should grant the Motion and dismiss all claims against HSBC.  See, e.g., G. Simonyan v. Ally Fin. Inc., et al., No. 2:12-cv-08495-JFW-FMO, DE 60 (C.D. Cal. Dec. 4, 2012) (dismissing claims under analogous circumstances); Balasanyan v. Dep't Stores Nat'l Bank, et al., No. 2:12-cv-07589-DSF-E, DE 48 (C.D. Cal. Nov. 13, 2012) (same); Hanna v. BMW Fin. Servs., LLC, et al., No. 2:12-cv-07703-DSF-VBK, DE 45 (C.D. Cal. Nov. 13, 2012) (same); Petrosyan v. Bank of Am., N.A., et al., No. 2:12-cv-08687-DSF-FFM, DE 17 (C.D. Cal. Nov. 13, 2012) (same).[1]

## C.    The Complaint Also Lacks The Requisite Specificity Required By Rule 8.

Even if Plaintiff's joinder were not improper in the first instance, which it is, her generalized pleading against multiple defendants is noncompliant with Federal Rule of Civil Procedure 8 and independently warrants dismissal.  Federal Rule of Civil Procedure 8 unambiguously "requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them."  Fed. R. Civ. P. 8(a)(2).  This rule is particularly inflexible where, as here, a plaintiff brings

---

[1] Copies of the G. Simonyan, Balasanyan, Hanna, and Petrosyan orders are attached as exhibits to HSBC's concurrently-filed Request for Judicial Notice as Exhibits A, B, C and D, respectively.

-4-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

multiple claims against multiple defendants; in this situation, "each claim should make it clear which defendant or defendants are alleged to have committed which wrong." Wash. v. Thomas, No. 09-cv-11302, 2009 WL 1424193, at *2 (E.D. Mich. May 18, 2009) (emphasis added). "If it is impossible to tell from the face of the complaint which defendants were accused of which violations, what specific acts constituted violations, or when alleged violations occurred, such a complaint fails to state a claim upon which relief can be granted." Id. (citing Monroe v. Owens, 38 Fed. App'x. 510, 515 (10th Cir. 2002)). Indeed, this Court has confirmed that a complaint which "lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 961 (S.D. Cal. 1996). "[Rule 8] require[s] that the defendant be given fair notice of (1) what the plaintiff's claim is and (2) the grounds upon which it rests. . . . [A] shotgun approach is clearly deficient to serve either of these purposes." Id. at 960; see also In re Sagent Tech., Inc., 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) (same); Mountain View Pharm. v. Abbott Labs., 630 F.2d 1383, 1386-87 (10th Cir. 1980) ("To provide adequate notice, a complaint in a complex, multi-party suit may require more information than a simple, single party case."); Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (a plaintiff suing multiple defendants for multiple claims is required to allege the specific bases of each claim "against each defendant" (emphasis added)).

Plaintiff does not come anywhere close to complying with these pleading standards. Instead of alleging the specific timing and nature of the impermissible acts each individual defendant is accused of committing, Plaintiff improperly asserts blanket allegations against all defendants by claiming that they collectively placed over fifty (50) phone calls to her since May 16, 2013. Plaintiff makes these generalized statements even though defendants could not possibly all be similarly situated -- HSBC is a national banking association whereas other defendants are simply consumer reporting agencies ("CRAs") or collection agencies. Critically,

-5-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  Plaintiff makes no effort to allege any of the unique specific facts that would

2  necessarily apply to each separate defendant.

3  As a matter of law, this "undifferentiated pleading against multiple

4  defendants" is "not sufficient" and "is improper" because it "fails to give [defendant]

5  notice of Plaintiff's claims against [it]." Fontalvo ex rel. Fontalvo v. Sikorsky

6  Aircraft Corp., No. 13-cv-0331-GPC-KSC, 2014 WL 2809861, at *3 (S.D. Cal. June

7  20, 2014); Marin, 2011 WL 2446384, at *4; Aaron v. Aguirre, No. 06-cv-1451-H-

8  POR, 2007 WL 959083, at *16 n.6 (S.D. Cal. Mar. 8, 2007).  Thus, while "the Court

9  must take Plaintiff's factual allegations as true, [the defendant] must have fair notice

10  of Plaintiffs' claims against it beyond an inclusive list of . . . verbs alleged generally

11  against all Defendants." Sikorsky Aircraft, 2014 WL 2809861, at *3.  "By failing to

12  differentiate among defendants or specify which defendant is the subject of

13  Plaintiff's various allegations, Plaintiff's complaint violates Rule 8(a)(2) because it

14  fails to provide [the defendant] with fair notice of its alleged misconduct." Corazon

15  v. Aurora Loan Servs., No. 11-00542 SC, 2011 WL 1740099, at *4 (N.D. Cal. May

16  5, 2011).

17  Based on the foregoing, this Court should grant this Motion and dismiss the

18  Complaint in its entirety.  See Sikorsky Aircraft, 2014 WL 2809861, at *3 (granting

19  a motion to dismiss under analogous facts); Corazon, 2011 WL 1740099, at *4

20  (same); Freidman v. Younger, 282 F. Supp. 710, 714 (C.D. Cal. 1968) (same).

21  **D.**     **Plaintiff's FCRA Counts Each Fail To State A Claim Against HSBC.**

22  **1.**     **In Count VI, Plaintiff Fatally Fails To Allege That The CRAs**

23           **Notified HSBC Of Plaintiff's Supposed Dispute Regarding The**

24           **Account On Her Credit Report.**

25  Section 1681s-2(b)(1) of the FCRA imposes duties upon furnishers of credit

26  information, such as credit card issuers like HSBC here, by requiring them to take

27  certain actions "[a]fter receiving notice . . . of a dispute with regard to the

28  completeness or accuracy of any information provided . . . to a consumer reporting

-6-

16cv0684

agency." 15 U.S.C. § 1681s-2(b)(1).[2]  As Section 1681s-2(b) of the FCRA makes clear, notice of a consumer's dispute must come from a CRA; "notice of a dispute received directly from the consumer does not trigger furnishers' duties . . . ." Drew v. Equifax Info. Servs., LLC, 690 F.3d 1100, 1106 (9th Cir. 2012) (citing Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009)

Additionally, a consumer's credit reporting dispute must concern a specific inaccuracy.  "While neither the FCRA nor the CCRAA requires on its face that a disputed credit entry contain inaccurate information," the Ninth Circuit adopts such a requirement "in light of the FCRA's purpose, which is to protect consumers against the compilation and dissemination of inaccurate information." Carvalho v. Equifax Info. Servs., LLC, 588 F. Supp. 2d 1089, 1096 (N.D. Cal. 2008) (emphasis in original).  Since alleging a specific inaccuracy is a "prima facie" element of Plaintiff's FCRA claim, see Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 890 (9th Cir. 2010), it is insufficient for Plaintiff merely to allege generally that the Account was inaccurately reported in "derogatory status" or inaccurately identified as belonging to her.  See Manukyan v. Cach, LLC, No. CV 12-08356-RGK-JCx, 2012 WL 6199938, at *3 (C.D. Cal. Dec. 11, 2012) (explaining that general challenges to reported information are "insufficient to give Defendants fair notice as to what type of information was disputed and how it was inaccurate"); Iyigun v. Cavalry Portfolio Servs., LLC, No. CV-12-8682-MWF-JEMx, 2013 WL 950947, at *1 (C.D. Cal. Mar. 12, 2013) (dismissing FCRA Section 1681s-2(b)(1) claim since

---

[2] Specifically, furnishers must do the following upon receipt of a consumer's dispute from a CRA: "(A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—(i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information." 15 U.S.C. § 1681s-2(b)(1).

-7-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

"the plain allegation that 'the accounts do not belong to' [the plaintiff] does not provide [the defendant] with sufficient notice as to the claims against it because it does not sufficiently identify the inaccuracies of the alleged reporting").

Here, Plaintiff only alleges that she was "unfamiliar" with some "individual consumer credit accounts in negative status," and therefore just generally challenged the unknown accounts in their entirety.  (See id. ¶¶ 107-09 ("These negative credit line accounts were unfamiliar [so Plaintiff] contacted the defendant's [sic] . . . and disputed in writing the unknown negative credit accounts being reported by the defendant's [sic] collectively . . . .").)  Having failed to allege both that a CRA ever notified HSBC of her credit reporting dispute nor that any specific inaccurate information about the Account appeared on her credit report, Count VI against HSBC for violation of the FCRA fails.  See Flores v. GMAC Mortg., No. 2:09-cv-01216-GEB-GGH, 2010 WL 582115, at *5 (E.D. Cal. 2010) (granting motion to dismiss under analogous facts, finding an FCRA claim too "conclusory" and "insufficient to allege a cognizable claim").

## 2. In Count VII, Plaintiff Fails To Sufficiently Allege That HSBC Obtained Her Credit Report For An Impermissible Purpose.

Count VII of Plaintiff's Complaint asserts an additional FCRA claim, this time apparently pursuant to Section 1681b(f).  To sufficiently allege a claim under this Section of the FCRA, however, Plaintiff must allege "that credit information was obtained for an impermissible purpose."  Egbert v. Sw. Collection Servs., Inc., No. SA CV 13-00421-DOC, 2013 WL 3188850, at *2 (C.D. Cal. June 21, 2013).  Plaintiff makes no such allegation.  Instead, she merely suggests that HSBC failed to "ascertain if there was any legitimate permissible purpose before obtaining plaintiff TUCK's consumer credit report."  (Compl. ¶ 123.)  Even if Plaintiff had conclusorily alleged an impermissible purpose, which she did not, such a blanket allegation without factual support still would be inadequate to state a claim under Section 1681b(f).  See, e.g., Daniels v. ComUnity Lending, Inc., No. 13CV488-WQH-JMA,

-8-

LA 51994569

2014 WL 51275, at *6 (S.D. Cal. Jan. 6, 2014), appeal dismissed (Feb. 26, 2014) (dismissing FCRA claim, finding that the complaint contained "only a conclusory allegation that [defendants] violated the FCRA by obtaining [plaintiffs'] consumer report without a permissible purpose").

Regardless, Count VII otherwise fails as a matter of law because it appears from the Complaint that HSBC indeed had a permissible purpose to obtain Plaintiff's credit information: "A party is permitted to obtain an individual's credit information in connection with the collection of a debt." Perretta v. Cap. Acquisitions & Mgmt. Co., No. 02-05561-RMW, 2003 WL 21383757, at *5 (N.D. Cal. May, 5, 2003) (citing 15 U.S.C. § 1681b(a)(3)(A)). The few factual allegations contained within the Complaint reveal that, if anything, HSBC obtained Plaintiff's credit information in connection with seeking repayment of the Account. (See Compl. ¶¶ 1, 13, 24.) Where, as here, "a permissible purpose for obtaining the credit information is demonstrated, then, as a matter of law, the information cannot have been obtained under false pretenses." Perretta, 2003 WL 21383757, at *5; see also Tonini v. Mandarich Law Grp., LLP, No. 12CV637 WQH WMC, 2012 WL 2726761, at *4 (S.D. Cal. July 9, 2012) (quoting Perretta); Smith v. Law Offices of Patenaude & Felix, A.P.C., No. 13CV3061-WQH BGS, 2014 WL 3695473, at *3 (S.D. Cal. July 23, 2014) (same). Accordingly, dismissal of Count VII is proper. Chyba v. Bayview Loan Servicing, LLC, No. 14-CV-1415-BEN BLM, 2015 WL 4523265, at *5 (S.D. Cal. July 23, 2015) (dismissing FCRA claim under similar facts, where defendants were attempting to collect a debt); Perretta, 2003 WL 21383757, at *5 (dismissing FCRA claim, finding a permissible purpose in part because of a letter sent by defendant to plaintiff stating that defendant was "attempting to collect a debt from plaintiff").

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**E.      Count VIII Against HSBC For Violation Of The CCRAA Must Be Dismissed As Well.**

**1.      Virtually The Entire CCRAA Is Preempted By The FCRA To The Extent It Purports To Govern Furnishers Of Credit Information, Like HSBC Is Alleged To Be Here.**

To the extent Plaintiff seeks to implicate multiple sections of the CCRAA, she is foreclosed from doing so.  Section 1681t(b)(1)(F) of the FCRA expressly preempts state law claims against furnishers of credit information, as HSBC is alleged to be here, except those brought under California Civil Code section 1785.25(a).  Section 1785.25(a) "is the only substantive CCRAA furnisher provision specifically saved by the FCRA from preemption."  Carvalho, 629 F.3d at 889; Prosser v. Navient Sols., Inc., No. 15-CV-01036-SC, 2015 WL 5168635, at *6 (N.D. Cal. Sept. 3, 2015) (same).  Therefore, to the extent Plaintiff's CCRAA claim is based on any provisions of the CCRAA other than section 1785.25(a), it is preempted.  See Lovejoy v. Bank of Am., N.A., No. C 13-1638 DMR, 2013 WL 3360898, at *6 (N.D. Cal. July 3, 2013) (finding plaintiff's allegations under section 1785.25(b) and (c) preempted by the FCRA); Harrold v. Experian Info. Solutions, Inc., No. C 12-02987 WHA, 2012 WL 4097708, at *3 (N.D. Cal. Sept. 17, 2012) (dismissing section 1785.25(b)(c)(f) claims with prejudice as preempted by the FCRA).

**2.      Plaintiff Cannot Maintain A CCRAA Claim Under Section 1785.25(a) Either.**

Plaintiff cannot maintain a section 1785.25(a) claim under the CCRAA against HSBC for two reasons.  First, as a matter of California state law "Plaintiff may not state a claim against a furnisher of information for a violation of section 1785.25(a)."  Davis v. Maryland Bank, No. 00-04191, 2002 WL 32713429, at *13 (N.D. Cal. June 19, 2002); see also Samuel v. CitiMortgage, Inc., No. C 12-5871 MEJ, 2013 WL 1501491, at *4 (N.D. Cal. Apr. 10, 2013) (dismissing CCRAA claim because "Section 1785.31 does not authorize Plaintiffs to bring a CCRAA claim against

-10-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Defendant" where "Defendant is a furnisher of information"); <u>Miller v. Bank of Am.</u>, 858 F. Supp. 2d 1118, 1125 (S.D. Cal. 2012) ("Private plaintiffs cannot bring CCRA[A] claims against a furnisher of credit information."); <u>but see</u> <u>Duell v. First Nat. Bank of Omaha</u>, No. 14CV2774-WQH-JLB, 2015 WL 4602008, at *9 (S.D. Cal. July 29, 2015).

<u>Second</u>, because Plaintiff does not allege a single fact to support a section 1785.25(a) claim, the claim fails.  Section 1785.25(a) provides:  "A person shall not furnish information on a <u>specific</u> transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  (Emphasis added.)  As explained above, courts in the Ninth Circuit require CCRAA claimants to specifically "identif[y] a factual inaccuracy on his or her credit report."  <u>Carvalho</u>, 588 F. Supp. 2d at 1096.  In support of Count VIII, Plaintiff merely states:  "HSBC . . . willfully and negligently violated the California Consumer Credit Reporting Agencies Act . . . by willfully and negligently failing, in the furnishing of derogatory credit information for the consumer reporting concerning plaintiff TUCK, to follow reasonable procedures to assure maximum possible accuracy of the damages and statutory penalties for willful statutory violations of the California Consumer Credit Reporting Agencies Act."  (Compl. ¶¶ 124-25.)  In addition to failing to meet the requirements for alleging a claim under section 1785.25(a), as explained by the above authorities, this precisely is the type of vague and conclusory statements that neither comply with Rule 8 nor other general pleading standards.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 678; <u>Fayer</u>, 649 F.3d at 1064; <u>Marin</u>, 2011 WL 2446384 at *2.  Accordingly, Plaintiff's CCRAA claim against HSBC must be dismissed for this additional reason.

**F.     Plaintiff Also Fails To Allege A Rosenthal Act Claim Against HSBC.**

Count IX of Plaintiff's Complaint purports to allege violations of Section 1788.17 of the Rosenthal Act, which simply incorporates "the provisions of sections 1692b to 1692j" of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692

-11-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   et seq. (the "FDCPA").  Cal. Civ. Code § 1788.17.  To support this claim, Plaintiff

2   only re-alleges and restates the facts recited in support of her FDCPA claims against

3   other defendants.  (Compl. ¶ 128.)³  More specifically, she alleges that "defendant's

4   [sic [Portfolio Recovery Associates ('PRA')] and Does 1-10 engaged in consumer

5   debt collection efforts [that they] had determined [they] had no basis for continuing

6   to pursue . . . [and] used unfair or unconscionable means to collect or attempt to

7   collect alleged debts."  (Id. ¶¶ 79-84.)  Further, that "Defendant's [sic] PRA and

8   Does 1-10 . . . call[ed] TUCK's private cell phone numbers . . . more than fifty (50)

9   times . . . ."  (Id. ¶¶ 85-90.)  And, that "Defendant's [sic] PRA and Does 1-10 . . .

10  plac[ed] more than fifty (50) automated and/or voice calls . . . without meaningful

11  disclosure of the caller defendant's PRA and Does 1-10 true identity."  (Id. ¶¶ 91-

12  96.)  Finally, that "Defendant's [sic] PRA and Does 1-10 . . . use[d] false

13  representation or deception . . . [and] lied to Plaintiff . . . ."  (Id. ¶¶ 97–104.)

14      Importantly, and aside from the Rule 20 and Rule 8 deficiencies addressed

15  above, there are no allegations that HSBC ever engaged in any debt collection

16  activity, let alone any improper debt collection activity.  Because of this omission of

17  actionable conduct, Plaintiff's claim for an alleged violation of the Rosenthal Act

18  fails.  See Iqbal, 556 U.S. 678; Twombly, 550 U.S. at 570.

19  ///

20  ///

21  ///

22

23

24

25

---

26  ³ As a creditor, an FDCPA claim cannot be asserted against HSBC.  See Schmitt v.
    FMA Alliance, 398 F.3d 995, 998 (8th Cir. 2005); Montgomery v. Huntington Bank,
27  346 F.3d 693, 698-99 (6th Cir. 2003); Aubert v. Am. Gen. Fin. Inc., 137 F.3d 976,
    978 (7th Cir. 1998); Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235-36
28  (2d Cir. 1998); Doherty v. Citibank (South Dakota) N.A., 375 F. Supp.2d 158, 161-
    62 (E.D.N.Y. 2005).

-12-

16cv0684

# IV.   CONCLUSION

For the foregoing reasons, HSBC respectfully requests that the Court grant this Motion and dismiss Plaintiff's Complaint as to HSBC.


Dated:  June 17, 2016

STROOCK & STROOCK & LAVAN LLP
BRIAN C. FRONTINO
ARJUN P. RAO
GEOFFREY L. WARNER


By:           */s/ Brian C. Frontino*
_____
                     Brian C. Frontino
          Email: bfrontino@stroock.com

Attorneys for Defendants
          HSBC BANK USA, N.A., erroneously
          sued as HSBC BANK NA

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-13-

## CERTIFICATION

I hereby certify that, on June 17, 2016, a copy of the foregoing **NOTICE OF MOTION AND MOTION OF DEFENDANT HSBC BANK USA, N.A. TO DISMISS COMPLAINT** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by U.S. Mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

*/s/ Brian C. Frontino*
Brian C. Frontino

*Via U.S. Mail:*

Deborah Tuck
1600 E. Vista Way #85
Vista, CA 92084

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51994569

16cv0684