UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA TUCK,<br><br>        Plaintiff,<br><br>    v.<br><br>PORTFOLIIO RECOVERY ASSOCIATES, LLC., *et al.*,<br><br>        Defendants. | Case No. 16-cv-684 DMS (MDD)<br><br>**ORDER GRANTING MOTIONS TO DISMISS COMPLAINT** |

      Defendants Portfolio Recovery Associates, LLC ("PRA") and HSBC Bank USA, N.A. ("HSBC") filed motions to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 20(a). Plaintiff, proceeding *pro se*, filed oppositions to the motions and HSBC filed a reply. Because the motions are closely related, they are addressed together in this Order. For the reasons set forth below, the motions are granted with leave to amend.

      Plaintiff alleges claims against five defendants under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.15 *et seq.*, and the California Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), Cal. Civ. Code § 1788

*et. seq.* Two defendants, Trans Union, LLC and Experian Information Solutions, Inc., have been dismissed. Defendant Equifax, Inc. has filed an answer.

Plaintiff alleges that PRA is a debt collection company, HSBC is a credit provider or furnisher, and Equifax is a credit reporting agency. (Compl. ¶ 1.) Plaintiff alleges that she has had "no prior or present established relationship" with these defendants, no "accounts in any amounts[,]" and "no contractual obligation to pay [these defendants] anything." (*Id.* ¶¶ 30-31.) Plaintiff complains generally that these defendants have engaged in a pattern of harassing and deceptive debt collection calls and practices, as well as improper negative credit reporting activities. The clear focus of the Complaint is on PRA. The "Factual Allegations" section of the Complaint, which sets out alleged improper debt collections activities, is devoted entirely to conduct attributed to PRA. (*See id.* ¶¶ 32-43.) The first five claims under the TCPA and FDCPA are alleged against PRA only. Counts six through nine under the FCRA, CCRAA and RFDCPA are alleged collectively against PRA, HSBC and Equifax.

Under Rule 20(a) of the Federal Rules of Civil Procedure, defendants may be joined in an action where any right to relief against them arises out of the same transaction or occurrence or series of transactions and occurrences, and common questions of law or fact are involved. PRA focuses on Count six only, in which Plaintiff alleges wrongdoing on the part of all defendants under the FCRA. (Compl. ¶¶ 107-116.) There, Plaintiff alleges that all defendants collectively failed to inform her of negative credit reporting made on her credit account, (*id*. ¶ 107), and failed to verify the existence of the debt after Plaintiff disputed the negative reporting. (*Id.* ¶ 109.) Plaintiff further alleges that PRA and the credit reporting agencies failed to conduct an appropriate investigation into the disputed negative consumer credit information, declined to delete the offending information, and continued to report the disputed accounts to all of the credit reporting agencies without informing the agencies of Plaintiff's dispute. (*Id.* ¶¶ 110-114.) No mention is made of HSBC in

the allegations contained in Paragraphs 110-114.

PRA correctly points out that Plaintiff alleges conduct broadly on the part of all defendants in connection with various "different accounts." HSBC similarly complains that Plaintiff concedes her disputes with the defendants arise from "three separate and individual credit line accounts[,]" (Compl. ¶ 107), yet Plaintiff fails to adequately allege that these separate accounts arise from the same set of transactions or occurrences and involve common questions of fact as to all defendants for those accounts. Plaintiff does reference the three accounts in Paragraph 108 of the Complaint and attaches a couple of accounts as Exhibits, but it is difficult to decipher what the information means, which defendants are allegedly involved, and what specifically each defendant allegedly did with respect to each particular account.

Thus, Plaintiff has failed to meet the pleading requirements of Rule 20(a). Plaintiff is granted leave to amend and may address these failures by specifying the credit line accounts at issue, and the specific conduct and wrongdoing attributed to each remaining defendant with respect to each account.[1]

HSBC has identified a number of other deficiencies in the Complaint and moves to dismiss for failure to state a claim under Rule 12(b)(6). The FCRA requires furnishers of credit information, such as credit card issuers like HSBC, to take certain actions "[a]fter receiving notice … of a dispute with regard to the completeness or accuracy of any information provided … to a consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1). Notice of a dispute must come from a consumer reporting agency, not the consumer. "[N]otice of a dispute received directly from the consumer does not trigger furnishers' duties[.]" *Drew v. Equifax Info. Servs., LLC*,

---

[1] PRA also moves to dismiss Plaintiff's FCRA claim under Rule 12(b)(6) for failure to state a claim. Here, PRA argues in one sentence that Plaintiff's broad allegations against numerous defendants "in connection with an unknown number of accounts" does not satisfy the notice pleading requirements of Rule 8(a). This is the identical argument raised under Rule 20(a), and thus, the Court declines to address it further.

690 F.3d 1100, 1106 (9th Cir. 2012) (citation omitted).  Plaintiff has alleged only that she contacted defendants and disputed the negative credit accounts.  (Compl. ¶ 109.)  That is insufficient to state a claim under the statute.

Similarly, the FCRA requires that a plaintiff plead in good faith that the "credit information was obtained [by credit card issuers] for an impermissible purpose."  *Egbert v. Sw. Collection Servs., Inc.*, No. SA CV 13-00421-DOC, 2013 WL 3188850, *2 (C.D. Cal. 2013).  While Plaintiff alleges generally that she owes no such debt as to various defendants, she must allege as to this specific defendant that she has no account or no debt, and thus, that the credit information was obtained for an improper purpose.

With respect to Plaintiff's CCRAA claim, Section 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  Plaintiff has generally alleged that HSBC "willfully and negligently violated the [CCRAA] … by … furnishing … derogatory credit information for the consumer reporting concerning plaintiff[.]"  (Compl. ¶¶ 124-25.)  As noted, given the general allegations relating to a number of defendants and accounts, Plaintiffs must plead with more specificity.  She should identify the specific transaction or experience with HSBC and allege facts supporting the conclusion that HSBC knew or should have known the information was incomplete or inaccurate.  Absent that, Rule 8's notice pleading requirements are not satisfied.

Finally, with respect to Plaintiff's RFDCPA claim, HSBC correctly argues that Plaintiff simply repackages facts alleged against *other* defendants in her FDCPA claim and incorporates them into her RFDCPA claim.  There are no allegations that HSBC engaged in any debt collection activity.

For these reasons, the motions to dismiss of PRA and HSBC are granted.  Plaintiff shall file a first amended complaint by October 14, 2016.  If defendants intend to file another motion to dismiss, they shall first contact Chambers and

arrange an informal conference pursuant to this Court's Chamber's rules.

**IT IS SO ORDERED.**

Dated: September 30, 2016

_____
Honorable Dana M. Sabraw
United States District Court Judge