1  Deborah Tuck
2  1600 E. Vista Way #85
   Vista, CA 92084
3  Ph: 760-840-1806

4  Plaintiff In Pro Se

FILED

16 OCT 17 PM 2: 56

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: M _____ DEPUTY

5

6

7           **IN THE UNITED STATED DISTRICT COURT**

8           **SOUTHERN DISTRICT OF CALIFORNIA**

9

10  DEBORAH TUCK,                  ) Case No. 3:16-CV-00684-DMS-MDD
                                   )
11            Plaintiff,           ) **1ST AMENDED COMPLAINT FOR DAMAGES**
                                   ) **AND INJUNCTIVE RELIEF  PURSUANT TO**
12  vs.                            )
                                   ) VIOLATIONS OF (TCPA) 47 U.S.C. §227 *et. seq.*
13  PORTFOLIO RECOVERY ASSOCIATES  ) VIOLATIONS OF (FDCPA) 15 U.S.C. §1692 *et seq.*
    LLC., a Virginia Corporation doing ) VIOLATIONS OF Civil Code §1788 *et seq.*
14  business in California,        ) [California Rosenthal Fair Debt Collection Practices Act]
                                   )
15            Defendant.           )
                                   )
16                                 ) DEMAND FOR DECLARATORY RELIEF
                                   ) DEMAND FOR JURY TRIAL
17                                 )
                                   ) HON. JUDGE DANA M. SABRAW
18

19          **I.   PRELIMINARY STATEMENT**

20      **1.** This is an action for damages and injunctive relief brought by the Plaintiff

21  DEBORAH TUCK as an individual, alleging the following allegations and claims

22  against PORTFOLIO RECOVERY ASSOCIATES, LLC and hereby sues for strict

23  statutory violations of:

24  1) The Telephone Consumer Protection Act  (TCPA) 47 U.S.C.§227 *et. seq.*

25  2) The Fair Debt Collection Practices Act  (FDCPA) 15 U.S.C. §1692 *et seq.*

26  3) The California Rosenthal Fair Debt Collection Practices Act (CRFDCPA) Civil Code

27  Section 1788 *et seq.*

28

"COURT COPY 1"

## II.  JURISDICTION AND VENUE

**2.**   Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3)  and 15 U.S.C. §1692(k)(d),  supplemental jurisdiction also exists for the state law claims pursuant to California Stat.§1788 and California Code of Civil Procedure §410.10.

**3.**   PORTFOLIO RECOVERY ASSOCIATES, LLC conduct business in the State of California and therefore, personal jurisdiction is established. The jurisdiction of this court is further conferred by 15 U.S.C.§1681p.

**4.**   Venue is proper pursuant to 28 U.S.C. §1391b and California Civil Procedure §395(a). Venue in this Ninth district Court is proper in that Plaintiff DEBORAH TUCK  resides in San Diego County.

**5.**   The Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC transact business in San Diego County, and the conduct complained of occurred in San Diego County.

**6.**   This is an action for damages which exceeds $50,000.00 U.S. Dollars.

## III.  THE PARTIES

**7.**   Plaintiff DEBORAH TUCK, (hereinafter ("TUCK")) is a natural person and a resident of the State of California, San Diego county, Vista, 92084.

**8.**  Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter ("PRA")) is a professional consumer bill collecting agency which amongst other things *purchases consumer credit lines from other companies* to collect on for pennies on the dollar.

## IV.  FACTUAL ALLEGATIONS

**9.**   On March 21, 2016, Plaintiff TUCK filed her original Complaint against _five_ (5) separate Defendant's. To date _four_ (4) named Defendants HSBC BANK N.A., EQUIFAX INC. TRANS UNION LLC and EXPERIAN INFORMATION SOLUTIONS INC. have _all_ reached amicable settlements with Plaintiff TUCK and these same (4) Defendant's _have since filed Voluntary Dismissals with this Ninth district Court_.

**10.**  Plaintiff TUCK alleges _all_ of the following _true_ facts against the _fifth and final_ remaining named Defendant "PRA*" sued as a professional consumer debt collection agency:

**11.** On or about March of 2015 Plaintiff TUCK acquired copies of her credit files from all three Credit Reporting Agencies (hereinafter ("CRA'S")) and discovered a negatively reported credit line listed there as HSBC BANK NA Account No. 5155970018689840 that she was ***unfamiliar with in it's entirety***.

**12.** On or about March and April of 2015 Plaintiff TUCK mailed two separate dispute letters certified mail to all three "CRA'S and duplicate copies to the Defendant PRA'S corporate offices in Norfolk, VA. **[SEE EXHIBITS A & B]** Defendant PRA responded with these two (2) documents claiming by federal law that this was *all* the certification or proof Defendant PRA needed to provide Plaintiff TUCK, and that the Defendant owed the alleged consumer debt directly to PRA .

**13.** Plaintiff TUCK has always alleged that this was ***never*** her consumer debt at any time, the name and address provided by PRA was totally incorrect and she is not the same DEBORAH TUCK that owned and used the alleged consumer account nor has she *ever lived at the billing address alleged by PRA*.

**14.** Plaintiff TUCK would like to notice the Honorable Court that HSBC BANK, NA after being sued and named as a Defendant in Plaintiff TUCK'S original Complaint has acknowledged this same very important fact [through settlement proceedings] that the alleged consumer debt purchased by PRA *was a account used by a different consumer with a similar name to Plaintiff's.*

**15.** Plaintiff TUCK alleges herein that she was being pursued this entire past three years for an alleged consumer debt that was ***never*** her account.

**16.** Plaintiff TUCK *has no prior or present established relationship* with the defendant PRA as it pertains to *ANY* negative consumer debt account[s] or *any other alleged accounts in any amounts*.

**17.** Plaintiff TUCK *has no contractual obligation to pay* defendant PRA *anything*.

**18.** Plaintiff TUCK *has never given* defendant PRA *express written permission* to call Plaintiff TUCK'S cellular phone more than fifty (50) times between the dates of March 28, 2013 and today's date.

1    **19.**   Defendant PRA called Plaintiff's private cell phone number
2  (760) 840-1806 from phone numbers (800) 772-1413, (866) 925-7109 and (888)
3  772-7326 more than fifty (50) times, *many times more than once in the same*
4  *business day,*  clearly violating 15 U.S.C. §1692c(a) of the (FDCPA).

5    **20.**   Plaintiff TUCK alleges that between the dates of  March 28, 2013 and
6  today's date Defendant PRA called Plaintiff TUCK'S private cell phone number
7  (760) 840-1806 from phone numbers (800) 772-1413, (866) 925-7109 and
8  (888) 772-7326 more than fifty (50) separate and distinct times, *many times more*
9  *than once in the same business day* clearly violating the strict statutory federal
10  guidelines of (TCPA) 47 U.S.C. §227(b)(1)(A).

11    **21.**   Plaintiff TUCK hereby alleges that none of the more than fifty (50)
12  harassing consumer debt collection calls placed by Defendants PRA between the
13  dates of March 28, 2013and today's date *were  made for emergency purposes*,
14  *clearly violating*  United Stated Code 47 U.S.C. §227(b)(1)(A)(iii), of the (TCPA).

15    **22.**   Between the dates of March 28,2013 and today's date,  Defendant
16  PRA called Plaintiff TUCK'S private cell phone number (760) 840-1806 from phone
17  numbers (800) 772-1413, (866) 925-7109 and (888) 772-7326 more than fifty (50)
18  separate and distinct times, during these calls PRA *staff asserted a right which it*
19  *lacks to wit,* the right to enforce a consumer debt allegedly owed by Plaintiff TUCK
20  to PRA [a professional debt collector].

21    **23.**   Between the dates March 28, 2013 and today's date Defendant PRA
22  called Plaintiff's cell (760) 840-1806 which is assigned to California's  San Diego
23  county cell phone service provider T-MOBILE from phone numbers (800) 772-1413,
24  (866) 925-7109 and (888) 772-7326 more than fifty (50) separate and distinct times
25  *failing to identify that they were consumer debt collectors* trying to collect a
26  consumer debt allegedly owed to defendant PRA by Plaintiff TUCK originating
27  between the year of 2013 to the present date.

28

1    **24.**   On *numerous occasions* Plaintiff TUCK has demanded in writing via

2    certified U.S. mail that Defendants PRA provide Plaintiff TUCK with written

3    "verification" and/or  consumer debt validation as defined by 15 U.S.C.§1692g(1)(2)(5)(b)

4    and the California Consumer Protection Statutes and Laws, as it pertained to *any/all*

5    alleged consumer debt[s], to date Defendant PRA has clearly failed in their entirety

6    to conduct a *full and complete* initial [*1st investigation*] and also failed to conduct a

7    *proper* [*re-investigation* ] demonstrating willful and non-compliance with

8    (TCPA) 47 U.S.C. §227(b)(1)(A) and FDCPA §1692 *et al.*

9    **25.**   Defendant PRA by and thru their above-described actions violated the

10   strict statutory guidelines set forth in §1692d of The Fair Debt Collections Practices

11   Act (FDCPA) *by engaging in conduct the natural consequences of which is to*

12   *harass, oppress, or abuse* Plaintiff TUCK by calling her cell phone on more

13   than fifty (50) separate occasions from March 28, 2013 to today's date .

14   **26.**   *Many of these harassing cell phone calls were placed by* Defendant PRA

15   *before the early morning hours of 8:00 am or after 9:00 pm at night*, many of

16   *these same abusive calls* were placed *multiple times on the very same day*, all of

17   which Plaintiff TUCK has to pay for.

18   **27.**   Defendant PRA *clearly violated* section §1692d(5) of the Fair Debt Collection

19   Practices Act (FDCPA) and at the *very same time* violated the California Rosenthal Fair

20   Debt Collection Practices Act (CFDCPA), Section §1788.17  by calling Plaintiff TUCK on her

21   personal cell phone on more than fifty (50) separate occasions and caused Plaintiff  TUCK'S

22   cellular phone's to ring repeatedly and continuously with the *intent to annoy,abuse, or harass*

23   *her into paying alleged consumer debts she has never owed* to Defendant PRA.

24   **28.**   The same "consumer debt" allegedly owed to Defendant PRA arose out

25   of an alleged transaction that was primarily for "*personal, family, or household  purposes*".

26   **29.**   As Plaintiff *TUCK has no business debt*, this same alleged consumer

27   debt presently being allegedly owed to Defendant PRA *could only have been used*

28   *for "personal purposes"*.

**30.** During this same period of time March 28, 2013 to today's date Defendant PRA has totally ignored all written attempts by Plaintiff TUCK to have the Defendants PRA *cease and desist* all collection activities *immediately,* Defendants PRA *instead initiated an ongoing almost two (2) year campaign to harass, abuse and coerce Plaintiff TUCK into paying an alleged consumer debt she does not owe* .

**31.** Defendant PRA to date has ignored all emailed, telephonic and written demands and attempts to resolve these alleged consumer account issues "informally" prior to having to introduce this action into this Ninth District Court, to date the Defendant PRA has played the game of using the Plaintiff's personal credit report as a tool or leverage to make Plaintiff TUCK pay an alleged consumer debt she *has never owed to PRA.*

**32.** Also part of a professional debt collectors arsenal over and beyond the unexpected harassing telephone calls is the ability [in concert] to place bogus alleged negative credit lines on Plaintiff TUCK'S credit reports, PRA has illegally placed negative credit line[s] on Plaintiff TUCK'S credit reports for over two (2) years now, hugely damaging the Plaintiff's credit worthiness and ability to gain fair housing.

**33.** To date, the parties have not participated in any form of a settlement agreement or scheduling conference to discuss possible settlement, remedy or disclosure through discovery.

**34.** Defendant PRA has disputed the fifty (50) calls placed to PRA staff to Plaintiff TUCK, however Defendant PRA has not offered into the record any admissible evidence, such as an opposing affidavit *to the contrary* .

**35.** Plaintiff contends that evidence in the record [see Plaintiff's original *verified Complaint for Relief*], clearly supporting Plaintiff's claims that Defendant called her cellular phone, however, should this Court deem such evidence insufficient, Plaintiff TUCK reserves the right to obtain additional evidence via the discovery process of this trial, or other means, which will further remove and eliminate any doubt that Defendant PRA'S staff called Plaintiff on numerous occasions, unequivocally binding TCPA, FDCPA and their California state counterpart Rosenthal Act violations to Defendant PRA.

# V.  COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### (TCPA) 47 U.S.C. §227(b)(1)(A)
### AGAINST DEFENDANT PRA

**36.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 35 herein.

**37.**   In 1991, Congress enacted the TCPA [1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

**38.**   The TCPA regulates, among other things, the use of Voice and ATDS systems. Specifically, the plain language of Section §227(b)(1)(A) prohibits the use of a Voice and/or ATDS system to make any call to a wireless number, or to use a Voice during such a call, in the absence of *an emergency* or the *prior express written consent* of the called party.[2]

**39.**   According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, telephone calls using a Voice and/or an ATFS are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the cell phone minutes are used. [3]

**40.**   On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that Voice and ATDS consumer debt collection calls to a wireless cell phone number by creditor or consumer debt collector are permitted only if the calls are made with the "prior express written consent" of the called party. [4] The FCC "emphasize[d] that prior express written consent is deemed to be granted only if the wireless number was provided during the transaction that resulted in the debt owed [5]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codiified at 47 U.S.C. §227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et. seq.

[2] 47 U.S.C. §227(b)(1)(A).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC *Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

**41.**     The Declaratory Ruling further dictates that: " a creditor on whose behalf an auto-dialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a ***third party consumer debt collector on behalf of that creditor are treated as if the creditor itself placed the call* .**"

**42.**     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant PRA to *demonstrate* that Plaintiff TUCK gave her *prior express written consent* to PRA to use a Voice and/or an ATDS call system to place fifty (50) calls to her cell phone within the meaning of the statute. ₇

**43.**  At all times pertinent hereto, PRA has carried on its daily national business by engaging in consumer debt collection practices. Defendant PRA has made telephone calls to the cellular telephones of thousands of consumers for purposes of collecting thousands of consumer debts *allegedly* owed to them.

**I.     Defendant PRA Placed Debt Collectors' Calls To Plaintiff TUCK's Cellular Telephone Using a Voice And/Or An ATDS System;**

**44.**  At all times pertinent hereto, the Defendant PRA are Debt Collectors, have utilized a Voice and/or ATDS system during thousands of consumer debt collection calls made to the cellular telephones of consumers who had not, during the transaction that resulted in the alleged consumer debt, previously given PRA *express written permission or consent* to receive such calls.

**45.**  Calls placed by PRA to consumers utilizing Voice and/or ATDS systems allow PRA to *collect more alleged consumer debt at a higher rate*.

**46.**  At all times pertinent hereto, PRA have utilized a Voice and/or ATDS system during thousands of debt collection calls which is one of this "industries newest innovations" which is "***agentless***" *leaving recorded messages as reminders*."

**47.**  At all times pertinent hereto, PRA are professional consumer debt collectors operating on a national level, have utilized a Voice, including a predictive dialer, to place debt collection calls to the private cellular telephones of consumers who had not, during the transaction that resulted in the alleged consumer debt, ***ever*** previously given GPS *express written permission or consent* to receive such calls.

**48.** A predictive dialer is a VOICE and/or ATDS system within the meaning of the TCPA, because it is equipment that, when paired with certain computer software, has the capacity to store or produce thousands of telephone numbers to be called and without human intervention to dial such numbers at random, in sequential order, and/or from a database of numbers.

**49.** Defendant PRA has entered into written contracts with all of its subsidiaries to use predictive dialers, for example, the terms of the Collection Services Agreement utilized by PRA require that consumers be contacted "via mail and predictive dialer in an effort to collect on past due balances." *See Lee v. Credit Mgmt., LP*, 2012 WL 113793, at *11 & n.17 (S.D. Tex. 2012).

**50.** Calls utilizing an ATDS system allow PRA to *collect more debt*.

**51.** At all times pertinent hereto, PRA has been aware that its employees/personnel have utilized an ATDS system because, *inter alia*, the use of an ATDS system is standard industry practice among consumer debt collectors., the "predictive dialer enables us to reach more of our client's while maintaining a cost-effective approach"and that the "dialer *** completes call campaigns more quickly*** conducts the most effective calling strategies ***."

**52.** On information and belief, within the past three (3) years, PRA have placed tens of thousands of Voice and/or ATDS calls to the cellular telephones of consumers *who had not*, during the transaction that resulted in the alleged consumer debt, *previously given PRA prior written express consent* to receive such calls.

## II.   PLAINTIFF DEBORAH TUCK

**53.**Plaintiff DEBORAH TUCK is a "person" as defined by 47U.S.C.§153(39).

**54.** In 2013, Plaintiff TUCK began receiving automated telephone calls from PRA on her cellular telephone number (760) 840-1806.

**55.** For Example, Plaintiff TUCK's T-Mobile cell phone records show that she received incoming calls from Defendant PRA on more than fifty (50) separate and distinct times.

**56.**   Defendant PRA made other calls too, of which Plaintiff TUCK was unable to make a record of to date, the finding of the exact amount of these *multiple harassing consumer collection calls* can be found out by the Plaintiff TUCK during the discovery process of this trial.

**57.**   Plaintiff TUCK *has no relationship with the defendants* PRA .There exists *no contract* between Plaintiff TUCK and PRA for arbitration or otherwise.

**58.**   PRA *utilized a predictive dialer to make all of the calls described above*.

**59.**   PRA *utilized a Voice during at least some of the calls described above*.

**60.**   *All of the calls described above were placed by* PRA to Plaintiff TUCK's cellular phone *solely to collect a consumer debt allegedly owed to PRA*.

**61. (TCPA) 47 U.S.C. §227(b)(1)(A) states in part;**

**(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT**

**(1)** PROHIBITIONS - It shall be unlawful for any person within the United States, or person outside the United States if the recipient is inside the United States -

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice .

**62.** Defendant PRA *has demonstrated willful and knowing non-compliance* with 47 U.S.C. §227(b)(1)(A) *by using an automatic telephone dialing system* to call Plaintiff's cell phone number from March 28, 2013 to the present date more than fifty (50) times.

**63.**   Defendant PRA have committed more than fifty (50) separate strict statutory violations of 47 U.S.C. §227(b)(1)(A).  Accordingly Plaintiff TUCK is *entitled* to statutory damages in the amount of $500 dollars U.S. for the first *"unintentional"* consumer collection call made to Plaintiff TUCK by the Defendant PRA placed during March of 2013 pursuant to 47 U.S.C. §227(b)(1)(A).

**64.**   Plaintiff TUCK is *also entitled to* treble damages or $1500.00 dollars U.S. for *each* of the additional forty nine (49) *"intentional"* debt collection calls placed by Defendant PRA to the Plaintiff's cell phone numbers (760) 840-1806 after this initial first *"unitentional"* call pursuant to 47 U.S.C. §227(b)(3)(B).

**65**. Defendant PRA has demonstrated _willful and knowing non-compliance_ with 47 U.S.C. §227(b)(3)(B) as those calls were <u>ALL</u> _"intentional"_, meaning the last thirty nine (39) consumer debt collection calls placed by Defendant PRA to Plaintiff TUCK's cellular phone are _subject to treble damages, or $1500 per call_ pursuant to 47 U.S.C. §227(b)(3)(B).

**66**. Defendant PRA has also demonstrated _willful or knowing non-compliance_ with 47 U.S.C. §227(b)(1)(A)(iii) as forty nine (49) of the consumer debt collection calls placed by Defendants PRA to the Plaintiff are subject to _treble damages_ pursuant to U.S.C. §227(b)(3) as these calls were _intentional_.

**67.** Plaintiff TUCK and Defendants PRA do not have an _established business relationship_ within the meaning of 47 U.S.C. §227 _et seq_.

**68.** Granting judgement in favor of Defendant at this time would not only be premature, but also prejudicial against Plaintiff TUCK.

**69.** Should this case reach a trial by jury, Plaintiff TUCK will submit additional and substantial evidence acquired through discovery, as well as other investigative means, unquestionably supporting a decision in favor or Plaintiff.

**70.** Defendant PRA has evidently failed to realize that the TCPA and FDCPA _are strict liability statutes and strict federal liability violations_.

**71.** In addition to ignoring Plaintiff TUCK'S disputes and numerous requests at an informal resolution foregoing federal Court proceedings, the Court record now reflects Defendant PRA'S desire to seduce the Court's valuable time and resources by deceptive means aimed at "_enslaving justice_".

**72.** Plaintiff TUCK respectfully requests that in the event this Court determines Plaintiff has failed to state a cause of action, Plaintiff is granted leave to amend the complaint with supporting documents and/or exhibits.

**WHEREFORE**, Plaintiff TUCK demands judgement for damages against Defendant PRA for actual, statutory, and punitive damages, attorney's costs and fees pursuant to 15 U.S.C. §227(b)(1)(A), together with such other and further relief as the Court may deem reasonable and just under the circumstances.

# VI.   COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. §1692(c)(a)(1) AGAINST DEFENDANT PRA

**73.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 72 herein.

**74**.   **(FDCPA) 15 U.S.C. §1692(c)(a)(1) states in part;**

**COMMUNICATION WITH THE CONSUMER GENERALLY** without the *prior express written consent* of the consumer given directly to the consumer debt collector or the *express permission* of a court of competent jurisdiction, a consumer debt collector *may not* communicate with the consumer in connection with the collection of the debt.

**75.** As previously alleged, Defendant PRA is a professional "debt collector" on a national level within the meaning of the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. Section §1692 *et seq*. Defendant PRA is engaged in conduct described by (FDCPA) 15 U.S.C. Section §1692e(8), namely, "Communicating or threatening to communicate to any person negative consumer credit information *which is known or which should have known to be false*, including the failure to communicate that a disputed consumer debt is <u>disputed</u>" Plaintiff TUCK reserves the right to allege other violations of the FDCPA as the facts of this case unfold.

**76.**   Plaintiff TUCK alleges Defendant PRA *violated  other statutory provisions* of the Federal Fair Debt Collection Practices Act (FDCPA) as follows:

a. 15 U.S.C. Section §1692d: Defendant PRA engaged in consumer debt collection efforts after they knew, and had determined, that they had no basis for continuing to pursue plaintiff TUCK, that the natural consequences of harassing, abusing and oppressing Plaintiff TUCK in concert with the threat of reporting negative credit lines on his credit reports.

b. 15 U.S.C. Section §1692e: Defendant PRA *has threatened action, or taken action, including threats of negative credit reporting, threats of lawsuits and implicit or explicit threats of derogatory negative credit reporting,* that cannot **legally** be taken because the alleged debt is **not** Plaintiff TUCK'S *consumer debt*.

1    c. (FDCPA) 15 U.S.C. Section §1692f: Defendant PRA has used
2    unfair or unconscionable means to collect or attempt to collect the alleged debt.
3    Specifically, each has attempted to collect amounts not expressly authorized by law
4    or by any agreement, and have continued to attempt collection in spite of
5    cancellation of the underlying agreement.  In essence, there is no agreement and no
6    obligation by which Plaintiff TUCK owes any monies to Defendant PRA, yet
7    Defendant PRA persists to this day in its collection efforts.

8    **77.**    Defendant PRA knew, or should have known that
9    they placed more than fifty (50) telephone calls to Plaintiff's private cell phone
10   numbers between the dates of March 28, 2013 to the present day, were both
11   inconvenient, annoying and cost her money on her cell phone bills.

12   **78.**   Defendant PRA *deliberately and intentionally* committed more than fifty
13   (50) separate and distinct statutory violations of (FDCPA) 15 U.S.C.§1692(c)(a) as e*very*
14   *single one* of these illegally placed calls was made by PRA employee's *without* the *prior*
15   *express written consent* of the consumer Plaintiff TUCK.

16   **79.**   The FDCPA regulates the behavior of collection agencies attempting to
17   collect a consumer debt *on behalf of another entity*. The United States Congress has
18   found *abundant evidence of the use of abusive, deceptive, and unfair consumer debt*
19   *collection practices contribute to a number of personal bankruptcies, marital*
20   *instability, loss of jobs, and invasions of individual privacy*. Congress enacted the
21   FDCPA to *eliminate abusive consumer debt collection practices by debt collectors*,
22   to ensure that those debt collectors who refrain from using abusive debt collection
23   practices are not competitively disadvantaged, and to promote uniform State action
24   to *protect consumers against debt collection abuses described* in[15 U.S.C.§1692(a)-(e)].

25   **80.**   The FDCPA is a strict liability statute, which provides for actual and statutory
26   damages upon the showing of *one violation*. The Ninth Circuit has held that whether a debt
27   collector's conduct violates the FDCPA should be judged from the standpoint of the "*least*
28   *sophisticated*" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982);

1   *Swanson v. Southern Oregon Credit Service, Inc.* 869 F.2d 1222, 1227(9th Cir. 1988)].

2   This objective standard "ensure[s] that the FDCPA ***protects all consumers***, the *gullible as*

3   *well as the shrewd ... the ignorant,* the *unthinkable* and the *credulous*." [*Clomon v. Jackson*,

4   988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

5       **81.**   To prohibit deceptive practices the FDCPA, at 15 U.S.C.§1692e,

6   outlaws the use of *false, deceptive,* and *misleading collection letters* and names a

7   non-exhaustive list of certain per se violations of *false* and *deceptive collection*

8   *conduct* 15 U.S.C.§1692e(1)-(16).

9       **82.**   To prohibit *harassment and abuses* by debt collectors the FDCPA, at

10  15 U.S.C.§1692d, provides that a debt collector *may not engage in any conduct the natural*

11  *consequences of which is to harass, oppress, or abuse any person in connection with the collection*

12  *of a consumer debt* and names a non-exhaustive list of certain per se violations of harassing and

13  abusive collection conduct 15 U.S.C.§1692d(1)-(6).  Among these per se violations prohibited by

14  this section are: *any collection activities and the placement of telephone calls without meaningful*

15  *disclosure of the callers identity* [15 U.S.C.§1692d(6)].

16      **83.**   The FDCPA also prohibits, at15 U.S.C.§1692c, *without the prior consent of the*

17  *consumer given directly to the debt collector,* or the *express written permission of a court of*

18  *competent jurisdiction,* or as reasonably necessary to effectuate a post judgement judicial

19  remedy, communication by a debt collector in connection with the collection of *any*

20  *consumer debt.*, with any person other than the consumer, his attorney, a consumer reporting

21  agency if otherwise permitted by law.

22      **84.**   As a result of these statutory violations of the Federal Fair Debt Collection

23  Practices Act by Defendant PRA Plaintiff TUCK has suffered general and special damages

24  according to proof, and is entitled to a statutory penalty for each separate violation of the Act.

.25     **WHEREFORE,** Plaintiff TUCK demands judgement for damages and injunctive

26  relief against Defendant PRA for actual statutory and punitive damages, attorney's fees

27  and costs pursuant to (FDCPA) 15 U.S.C. §1692(c)(a), together with such other and further

28  relief as the Court may deem reasonable and just under the circumstances.

# VII.   COUNT III
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) §1692(d)(5) BY  DEFENDANT PRA

**85.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 84 herein.

**86. (FDCPA) 15 U.S.C. §1692(d) states in part;**
A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress,  or abuse any person in connection with the collection of a consumer debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**87. (FDCPA) 15 U.S.C. §1692(d)(5) states in part;**
Causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

**88.**   Defendant PRA violated (FDCPA) 15 U.S.C. §1692(d)(5) by calling Plaintiff TUCK'S private cell phone number (760) 840-1806 more than fifty (50) times, {*many times before 8:00 am in the morning*} {many times calling *multiple times in the same day*} directly causing the Plaintiff TUCK'S personal cell phone to ring repeatedly and continuously with the *intent* to *annoy, abuse, or harass* the Plaintiff.  Every single one of these placed calls was made by Defendants PRA *without* the *prior express written consent* of the consumer, Plaintiff TUCK.

**89.**   During this same three (3)  year  period of time between March 28, 2013 to the present day Defendant PRA'S staff/personnel intentionally and repeatedly called Plaintiff TUCK more than fifty (50) times on her personal cell phone number this has caused this 54 year old Plaintiff undue *stress, confusion,* and *long term nervousness* and *embarrassment*, including *unexpected increased cell phone bills that this Plaintiff could ill afford.*

**90.** Plaintiff TUCK alleges that Defendant PRA caused her cell phone to ring on more than fifty (50) separate occasions between the dates of March 28, 2013 to the present day, by causing her to answer these calls and either engage in a long unwanted conversation with Defendant PRA'S staff or,  have to listen to numerous pre-recorded messages left by Defendants PRA'S staff on TUCK'S cell phone message service accounts, which Plaintiff TUCK *has to pay monies for.*

**WHEREFORE**, Plaintiff TUCK demands judgement against Defendant PRA for actual, statutory, and punitive damages, attorneys fees and costs, pursuant to (FDCPA) 15 U.S.C. §1692(d)(5),  together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## VIII.   COUNT IV
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)15 U.S.C. §1692(d)(6) BY DEFENDANT PRA

**91.**    Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 90 herein.

**92. 15 U.S.C. §1692(d)  states in part**;

> **A consumer debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged consumer debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> ***The placement of telephone calls without meaningful disclosure of the caller's identity.***

**93**.    Defendant PRA staff/personnel violated (FDCPA) 15 U.S.C.§1692(d)(6) by placing more than fifty (50) calls to Plaintiff TUCK'S cell phone between the dates of March 28, 2013 and the present day. On several occasions these very same calls were made without meaningful disclosure of the caller Defendant PRA's true identity. All fifty (50) calls were independently placed at different times creating fifty (50) separate statutory violations.

**94.**    Every single one of these more than fifty (50) phone calls placed by Defendant PRA, were being placed *without* the *prior express written consent* of the consumer plaintiff TUCK. This added to the plaintiff's daily confusion and anxiety about these very same calls.

> *i.e.*    *Who is this person or machine on the other end of the phone? Why are they calling me almost every day, many times a day? Why are they leaving these strange messages? Why won't the people (when they do come on the line) not listen to me and stop calling me?*

**95**. Defendant PRA *thru mailed dunning letters and numerous harassing phone calls* to Plaintiff TUCK *threatening* to report this same alleged non-existent consumer debt item to be placed by Defendant PRA on all three National consumer credit reporting agencies that record and report Plaintiff TUCK'S credit. ***These very same illegal business activities border on the edge of professional business extortion practices.***

**WHEREFORE**, Plaintiff TUCK demands judgement for damages against Defendant PRA for actual, statutory, and punitive damages, attorney's costs and fees pursuant to (FDCPA) 15 U.S.C. §1692(d)(6) (FDCPA) together with such other and further relief as the Court may deem reasonable and just under the circumstances.

# XIII.   COUNT V
## VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CALIFORNIA CIVIL CODE §1788 *et seq.* BY DEFENDANT PRA

**96.** Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 95 herein.

**97.** Plaintiff TUCK is a *consumer* within the meaning of (FDCPA) 15 U.S.C. §1692 *et seq.*

**98.** Defendant PRA are seeking to collect an *alleged consumer debt* from Plaintiff TUCK as defined by (CRFDCPA) California Civil Procedure §1788(f)

. **99.** The alleged consumer debt account in question is a consumer transaction as defined by (CRFDCPA) California Civil Procedure §1788(e), as Plaintiff TUCK has allegedly received property, services or money from Defendant PRA, or an extension of credit, and such property, services or money was used primarily for personal, family or household purposes.

**100.** Defendant PRA also violated (CFDCPA) §1788.11(d) of the California Rosenthal Fair Debt Collection Practices Act by placing collection calls to the Plaintiff's cellular phone repeatedly and continuously so as to annoy, harass or

embarrass the Plaintiff. *Plaintiff TUCK contends he has always paid all of his consumer bills in as timely manner as possible.*

**101.** Defendant PRA violated (CFDCPA) §1788.17 of the California Rosenthal Fair Debt Collection Practices Act by placing numerous harassing debt collection calls to the Plaintiff with *such frequency* as to be *unreasonable* and to *constitute direct intentional harassment* of the Plaintiff under the circumstances.

**102**. Defendant PRA also violated (CFDCPA) Section §1788.17 of the California Rosenthal Fair Debt Collections Practices Act by *continuously* failing to comply with the statutory regulations contained within the United States Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against Defendant PRA for actual statutory and punitive damages, attorney's fees pursuant to §1788.30(b) and costs pursuant to §1788.30(c), the California Rosenthal Fair Debt Collection Practices Act CC1788 *et seq.,* together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## **RESERVATION OF RIGHTS**

**103.** Plaintiff TUCK expressly reserves all rights to add or remove defendants modify, amend, or supplement Plaintiff's First Amended Complaint, exhibits and/or sundry documents. Plaintiff further expressly reserves the rights to conduct discovery, due process, a lawful trial by jury, and may appeal any decision of this Court at her discretion. All rights reserved.

## **CONCLUSION**

**WHEREFORE,** this Court now having a record supporting Plaintiff's causes of action, and Defendant having failed to produce admissible *evidence to the contrary,* Plaintiff requests that this Court grant judgement in favor of Plaintiff for Defendants' violations of the FDCPA and the TCPA, and should this Court at its discretion recognize Defendants' actions to be willful and knowing violations of the TCPA, further award Plaintiff damages allowed under the Act, costs and attorneys'

fees as well as any other relief incurred as a result of Defendants' liability for violations to the extent of the law, or actual damages as they may bear. In the alternative, Plaintiff TUCK respectfully requests this Court to issue an order to include an ENE or scheduling conference in accordance with Federal Rules of Civil Procedure, 26(f).

Dated this _12th_ day of October 2016  By: _Deborah Tuck_

DEBORAH TUCK, Plaintiff In Pro Se

## VERIFICATION
## DECLARATION OF PLAINTIFF - DEBORAH TUCK

I, DEBORAH TUCK, declare as follows:

**104.** I am the In Pro Se Plaintiff in the above-entitled Ninth Circuit District case.

**105.** I am of age, sound mind and competent to testify to all of the facts based on first-hand knowledge of all of the aforementioned items so stated.

**106.** I have been damaged *financially*, *socially* and *emotionally* since March 28, 2013 as a direct result of Defendant PRA's unlawful actions and conduct including more than fifty (50) calls to my cellular phone.

**107.** I have read the foregoing pleading's in their entirety and believe all of the fact's therein so stated to be both _true and correct_.

**108.** I declare under the penalty of perjury pursuant to the laws of California and the Courts of the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

**109.** I, Plaintiff TUCK demand judgement for damages against Defendant PRA for actual, statutory, and punitive damages, attorney's costs and fees pursuant to pursuant to §1788.30(b) and costs pursuant to §1788.33(c) together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## DEMAND FOR JURY TRIAL

**110.** Plaintiff DEBORAH TUCK hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted to this court this 12th day of October 2016.

_Deborah Tuck_

DEBORAH TUCK, Plaintiff  In Pro Se.
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-840-1806

DEBORAH TUCK VS. PORTFOLIO RECOVERY ASSOCIATES

United States District Court Case No. **3:16-CV-**

# **CERTIFICATE OF SERVICE**

    I, Deborah Tuck, the undersigned declare under the penalty of perjury that I am over the age of eighteen years and not a party to this action;

that I served the above-named defendant's  the following documents:

- **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

    By placing copies of the above-described document filed with this court in a separate envelope, with postage fully pre-paid, for each address named below and deposited each in the U.S. mail:

PRA GROUP, INC,.
NATHAN A. SEARLES (SBN 234315)
130 CORPORATE BLVD.
NORFOLK, VA 23502

### **ATTORNEY OF RECORD FOR PORTFOLIO RECOVERY ASSOCIATES**

Signed this _12th_ day of October 2016     _Richard Caruso_

                                  RICHARD CARUSO

# EXHIBIT "A"

# PORTFOLIO RECOVERY ASSOCIATES, LLC
P.O. Box 12914  Norfolk, VA  23541
PHONE (800) 772-1413

D3

5/9/2015

DEBORAH A TUCK
1600 E VIS WAY SPC 85
VISTA, CA 92084-3432

Re:  Account/Reference Number: 5155970018689840
Seller: HSBC BANK NEVADA, N.A.
Merchant: ORCHARD BANK
Original Creditor: HSBC BANK NEVADA, N.A.
Creditor To Whom Debt is Owed:  Portfolio Recovery Associates, LLC
Total Balance Due as of the Date of this Letter: $1,400.59

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, Portfolio Recovery Associates, LLC may continue to report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.

Dear DEBORAH A TUCK:

In response to your dispute related to the above account, Portfolio Recovery Associates, LLC ("PRA, LLC") has enclosed additional documentation for your review.

We have completed our investigation of your dispute concerning this account.

PRA, LLC has obtained and reviewed the attached documents related to this account, which establish its validity.

If you wish to discuss this account, please call 1-800-772-1413. Our hours of operation are 8:00 AM – 11 PM Monday through Friday, 8 AM – 5 PM Saturday, and  2 PM – 9 PM Sunday.

Sincerely yours,

Disputes Department

www.portfoliorecovery.com

EXHIBIT A

**This communication is from a debt collector and is an attempt to collect a debt.  Any information obtained will be used for that purpose.**

NOTICE: SEE ADDITIONAL PAGE(S) FOR IMPORTANT INFORMATION

# EXHIBIT "B"

DEPT 922    4238435315053
PO BOX 4115
CONCORD CA 94524



Portfolio Recovery Associates, LLC
**We're giving debt collection a good name.**

ADDRESS SERVICE REQUESTED

#BWNFTZF #9224238435315053#



DEBORAH A TUCK
1600 E VISTA WAY SPC 85
VISTA CA 92084-3432

Account/Reference No.: 5155970018689840
SELLER: HSBC BANK NEVADA N.A.
MERCHANT: ORCHARD BANK
ORIGINAL CREDITOR: HSBC BANK NEVADA N.A.
**Creditor to Whom Debt is Owed:** Portfolio Recovery
Associates, LLC
Balance: $1,400.59

D13

May 13, 2015

Dear DEBORAH A TUCK:

I am writing in response to your recent dispute.

Please be advised we have reviewed your dispute and our records indicate we have already responded to a previous dispute substantially the same as your present dispute. Because your dispute alleges no new facts and includes no new information in which to form the basis for a new investigation, we will not be conducting another investigation of the dispute pursuant to 15 U.S.C. Section 1681s-2(a)(8)(F)(i)(II) of the Fair Credit Reporting Act.

If we continue to receive subsequent correspondence from you regarding a dispute that has already been resolved, we will consider your inquiry answered. No further replies will be forthcoming unless you provide the information we need to assist you. Our office considers this matter closed.

Sincerely,

Disputes Department
140 Corporate Blvd
Norfolk, VA 23502
Telephone: 1-800-772-1413 ext. 10181
Fax: 1 (757) 321-2519

**Hours of Operation (EST):** 8 AM to 11 PM Mon.-Fri., 8 AM to 5 PM Sat., 2 PM to 9 PM Sun.

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, Portfolio Recovery Associates, LLC may continue to report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.

**This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.**

Notice: See Reverse Side for Important Information

EXHIBIT B

PRAD13-0512-598035078-00004-4